UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 07 013T

J.H. BREAKELL & CO.,
Plaintiff,

v.

C.A. No. 2007-________

CURRENT USA, INC.,
Defendant.

JURY TRIAL CLAIMED

## COMPLAINT

### PARTIES

1. Plaintiff, J.H. BREAKELL & CO. ("Breakell"), is a Rhode Island corporation with its offices in Newport, Rhode Island.

2. Defendant, CURRENT USA, INC. ("Current"), is a Minnesota corporation with its principal offices in North Mankato, Minnesota and Colorado Springs, Colorado. Current has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

### JURISDICTION

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

### FACTS

4. Since 1972, Breakell has designed and manufactured high quality sterling silver and 14 karat gold jewelry and accessories.

5. Breakell's original works are registered with the U.S. Copyright Office.

6. Among Breakell's registered works is the following:

"Snowflake Charm Bracelet"
U.S. Copyright Registration No. VA 1-386-691

[A copy of the Certificate of Registration from the U.S. Copyright Office for the above work is annexed hereto as Exhibit 1.]

7. Without Breakell's permission and in violation of Breakell's rights, Current is selling and offering for sale goods that imitate, copy, and infringe upon plaintiff's original, copyrighted work. In particular, Current is selling and offering for sale a Snowflake Charm Bracelet, item number 084677, that infringes Breakell's original, copyrighted "Snowflake Charm Bracelet" design.

8. Attached hereto as Exhibit "2" is a Current advertisement for its infringing bracelet.

9. Defendant has conducted its infringing activities through its mail-order catalogs and its interactive web site, www.currentcatalog.com.

COUNT I

(Copyright Infringement -- "Snowflake Charm Bracelet" --
U.S. Copyright Registration No. VA 1-386-691)

10. Paragraphs 1 through 9 are incorporated herein.

11. Defendant has infringed upon and is continuing to infringe upon plaintiff's "Snowflake Charm Bracelet", U.S. Copyright Registration No. VA 1-386-691.

12. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

13. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

14. Defendant's acts of infringement have been and continue to be willful.

WHEREFORE, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other works derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other work derived from or substantially similar to the infringing work;
- for an order impounding the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other work derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an accounting for all profits earned by defendant on the sale of the infringing work and any other work derived from or substantially similar to the infringing work;
- for an award of actual damages plus the defendant's profits, pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);
- in view of the willful and deliberate nature of the copyright infringement, for an award of enhanced statutory damages against

the defendant in the amount of $150,000 for each work infringed by the defendant, pursuant to 17 U.S.C. §504(c)(2);

- for an award of costs and attorneys' fees, pursuant to 17 U.S.C. § 505;
- for such other relief as the court deems just.

COUNT II
(False Designation of Origin --
Violation of Section 43 of the Lanham Act)

15. Paragraphs 1 thorough 14 are incorporated herein.

16. Defendant's infringement of plaintiff's original work constitutes a false designation of origin and a false description of goods effecting interstate commerce in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendant:

- for all remedies available under Section 43 of the Lanham Act, 15 U.S.C. § 1125;
- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted work;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling the infringing work and any other works derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing work and any other works derived from or substantially similar to the infringing work;
- for an order impounding the infringing work and any other works derived from or substantially similar to the infringing work;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing work and any other works derived from or substantially similar to the infringing work;

- for a preliminary and a permanent injunction ordering defendant to remove from its catalogs, website, and stores all depictions of the infringing work and any other works derived from or substantially similar to the infringing work;
- for an accounting for all profits earned by defendant on the sale of the infringing work and any other works derived from or substantially similar to the infringing work;
- for an award of all damages sustained by plaintiffs;
- for an award of treble damages;
- for an award of costs and attorneys' fees;
- for such other and further relief as the court deems just.

COUNT III
(Misappropriation)

17. Paragraphs 1 through 16 are incorporated herein.

18. Plaintiff has invested substantial time, effort, and money in the work described herein.

19. Defendant has appropriated the fruits of plaintiff's investment at no cost.

20. As a direct and proximate result of defendant's misappropriation, plaintiff has been injured.

WHEREFORE, plaintiff prays for judgment in its favor and against the defendant:

- for an award of actual damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

## COUNT IV
(Dilution)

21. Paragraphs 1 through 20 are incorporated herein.

22. Defendant's infringement upon plaintiff's original work, as described herein, causes a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive quality of plaintiff's work, in violation of plaintiff's state common law rights and in violation of R.I.G.L. § 6-2-12.

WHEREFORE, plaintiff prays for judgment in its favor and against the defendant:

- for an award of actual damages;
- for an award of defendant's profits;
- for all remedies available under R.I.G.L. § 6-2-12;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiff,
By Its Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: January 12, 2007

Plaintiff claims a trial by jury on all issues so triable.